UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tran Enterprises, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-10-01063 |
| | § | |
| Luc D. Nguyen, | § | |
| Ngoc Dao T. Phan and | § | |
| Yen Nhi d/b/a Angels Hair & Nail, | § | |
| | § | |
| *Defendant*. | § | |

## Order

Pending before the court is Tran Enterprises's motion for default judgment. After considering the complaint, motion, and applicable law, it is apparent that this court does not have personal jurisdiction over the defendants and thus, the claims are DISMISSED WITHOUT PREJUDICE.

## Background

Tran Enterprises brings claims against Luc D. Nguyen, Ngoc Dao T. Phan, and Yen Nhi d/b/a Angels Hair & Nail under the Lanham Act for trademark infringement, unfair competition under the Lanham Act, Texas common law unfair competition, and copyright violations. Tran Enterprises, LLC is a company that manufactures, under a private label arrangement, and distributes dietary supplements. Dkt. 1 at 3. Defendants Luc D. Ngyuen, Ngoc Dao T. Phan, and Yen Nhi d/b/a Angels Hair & Nail are in the business of retailing cosmetics, beauty products, and dietary supplements. The store is located in San Jose, California, and the store does not have an online presence. Dkt. 1 at 3. Tran hired a private investigator, Mark A. Aguirre, to enter the store in San Jose, California and purchase a product known as Royal Jelly No. 63. Dkt. 1 at 3. The product

trademark is owned by Tran Enterprises, and it claims that it did not give the defendants the right to sell Royal Jelly No. 63.  Dkt. 1 at 3.  On February 15, 2010, the investigator entered Angels Hair & Nail in San Jose, California and purchased a bottle of Royal Jelly No. 63.  Dkt. 1 at 3.  The investigator observed and recorded the transaction, and upon checking the lot number on the bottle purchased from Angels Hair & Nail ascertained that the bottle was indeed counterfeit.  Dkt.1 at 3.

Tran Enterprises filed a complaint alleging trade dress infringement, unfair competition under the Lanham Act, Texas common law unfair competition, and copyright violation.  Dkts. 1.  Now, Tran Enterprises files this motion for default judgment, as defendants did not answer the complaint.  Dkt. 6.  Tran Enterprises seeks preliminary and permanent injunctions, $1,308,000 in lost sales, and $25,053.75 for attorney's fees.  Dkt. 6.

## ANALYSIS

Before the court can grant a motion for default judgment, the court must have personal and subject-matter jurisdiction over the defendants and claims.  10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998).  There is clearly subject-matter jurisdiction as there is both diversity of citizenship above the threshold amount and a federal claim involved.  Personal jurisdiction must be established before the court can rule on the motion for default judgment.

### A. Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)

#### 1. Standard of Review

In a diversity action, a federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent

2

with due process under the U.S. Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The two-step personal jurisdiction inquiry collapses into one federal due process analysis because the Texas long-arm statute extends to the limits of federal due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Mullins*, 564 F.3d at 398 (internal quotations omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)(citation omitted). The Fifth Circuit imposes a high standard when ruling on general jurisdiction issues. *Johnston*, 523 F.3d at 611 (illustrating the difficulty of proving general jurisdiction).

A forum state may exercise specific jurisdiction over a nonresident defendant "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). The court considers whether the defendant has purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there. *Burger King v. Rudzewicz*, 471 U.S. 462, 481–82, 105 S.

3

Ct. 2174 (1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. *Ruston*, 9 F.3d at 419.

### *2. Analysis*

Texas does not have general jurisdiction over the defendants because there is no allegation that they have continuous or systematic interaction with Texas. The court must then look for a single act by the defendants or a situation in which the defendants availed themselves of the laws of Texas. After review of the complaint, there are no facts to suggest that defendants have availed themselves of the laws of Texas; however, Tran Enterprises's complaint alleges a common law unfair competition claim that potentially meets the requirements of the Texas long arm statute. The statute allows the court to have specific personal jurisdiction over the defendants if the tort was "committed, in whole or in part, in Texas." TEX. CIV. PRAC. & REM. CODE § 17.042. Under common law unfair competition, it is not necessary to prove that anyone was actually deceived, but only necessary to show that the public would be likely to be deceived or confused. *See Jud Plumbing Shop on Wheels, Inc. v. Jud Plumbing & Heating Co., Inc.,* 695 S.W.2d 75 (Tex.App. — San Antonio 1985); *Line Enterprises, Inc. v. Hook & Matteson Enterprises, Inc.,* 659 S.W.2d 113, 117 (Tex.App. — Amarillo 1983). Yet, a mere possibility of deception will not suffice to prove unfair competition. *McCarley v. Welch,* 170 S.W.2d 330, 332 (Tex.Civ.App. — Dallas 1943, no writ). Rather, Tran Enterprises must show that the Texas public would likely be confused in order for the court to have specific personal jurisdiction over the defendants due to the common law unfair competition claim.

Tran Enterprises's complaint does not allege any facts to indicate how the Texas public could or would be deceived by the actions of the defendants. The defendants' store is in San Jose, California and the private investigator went to San Jose, California to purchase the alleged

4

counterfeit bottle. There has not been any suggestion that the defendants conduct any type of business in Texas, or that the Royal Jelly No. 63 product affects the Texas public in anyway. Since there is no showing by Tran Enterprises of the Texas common law unfair competition tort being committed, in whole or in part, in Texas, and it cites no other conduct that could bring defendants under jurisdiction of the court, the court lacks personal jurisdiction over all of the defendants and, therefore, the case is DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

Considering the law and evidence presented, this case is DISMISSED WITHOUT PREJUDICE due to a lack of personal jurisdiction over the defendants.

It is so ORDERED.

Signed at Houston, Texas on July 30, 2010.

_____
Gray H. Miller
United States District Judge